UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| MARSHA L. RIEKEN, <br><br> Plaintiff, <br><br> v. <br><br> CONTINENTAL CENTRAL CREDIT, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:20-cv-02330 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, MARSHA L. RIEKEN ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC, complaining as to the conduct of CONTINENTAL CENTRAL CREDIT, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a significant portion of the events or omissions giving rise to the claims occurred within the Central of the District of Illinois.

**PARTIES**

4. Plaintiff is a consumer over-the-age of 18 residing in Kankakee County, Illinois, which is located within the Central District of Illinois.

5. Defendant is a third-party debt collector located at 5611 Palmer Avenue, Suite G, Carlsbad, California 92010. Defendant's registered agent in Illinois is C T Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant regularly collects upon consumers nationwide, including those located within the state of Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action arises out of the nature of Defendant's attempts to collect upon an unpaid healthcare bill ("subject debt") that Plaintiff purportedly defaulted upon.

8. Upon information and belief, after the subject debt was purportedly in default, the subject debt was assigned to Defendant for collection purposes.

9. On or about September 17, 2020, Defendant mailed or caused to be mailed to Plaintiff a collection letter via U.S. Mail in an attempt to collect upon the subject debt from Plaintiff. *See* attached Exhibit A for a true and correct copy of Defendant's correspondence dated September 17, 2020 ("the Collection Letter").

10. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

11. In addition to the principal balance, Defendant's Collection Letter further itemized interest in the amount of $0.38 and a collection fee of $0.00. *Id.*

12. Towards the bottom of the Collection Letter, Defendant states, "INTEREST WILL ACCRUE DAILY BASE ON PRINCIPAL AMOUNT." *Id.*

13. Defendant's Collection Letter further states that any payment by phone, check or credit card would be subject to a fee of either 3%, 3.333% or $3.40 ("convenience fee"). *Id.*

14. Plaintiff became highly confused by this language and the imposition of fees, as she never agreed to such a convenience fee with the original creditor.

15. Accordingly, in November 2020, Plaintiff contacted Defendant via telephone to ascertain additional information regarding her actual obligations pursuant to the subject debt.

16. During this phone call, Plaintiff was informed that Defendant was a debt collector attempting to collect upon the subject debt in the amount of $42.00.

17. Defendant's representative further stated that Defendant was not charging her interest or fees, despite the Collection Letter indicating otherwise.

18. Defendant's communications created a probability of confusion as to how much Plaintiff is said to owe regarding the subject debt, as Defendant supplied her with conflicting information.

19. Confused and concerned after receiving the contradictory statements from Defendant, Plaintiff spoke to her attorneys for assistance and clarification regarding her rights, resulting in fees and expenses.

20. Furthermore, through its Collection Letter, Defendant gave the false impression that it could charge the convenience fee, when in fact, any such fee is impermissible pursuant to any underlying contract between Plaintiff and the original creditor, or as a matter of law.

21. The inclusion of an excessive convenience fee created a false, deceptive and misleading representation as to the actual amount owed.

22. After a reasonable time to conduct discovery, Plaintiff believes she can prove that all actions taken by Defendant as described in this Complaint, *supra*, were taken willfully and/or with knowledge that its actions were taken in violation of the law.

23. Plaintiff was misled by Defendant's statements, representations and/or omissions directed to her through its Collection Letter and during her conversation with one of its representatives.

24. Plaintiff justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect the subject debt from her using abusive, deceptive and unlawful means, and ultimately cause her unwarranted financial harm.

25. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct.

26. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and alleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.  Defendant is a

self-proclaimed debt collector and is a member of the California Association of Collectors, Inc., an association of debt collectors.[1]

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

34. Defendant violated 15 U.S.C. §§ 1692e and e(10) through the contradictory information it presented to Plaintiff via its Collection Letter and subsequent conversation with Plaintiff. While the Collection Letter explicitly informs Plaintiff, in capital letters, as well as through its itemization of the subject debt, that interest will accrue daily based on the principal amount, Defendant subsequently told Plaintiff the opposite, leaving her in a state of confusion.

35. Moreover, Defendant's Collection Letter insists that a convenience fee would apply to any payment made by phone, check or credit card, but again, during the ensuing conversation, Defendant informed Plaintiff that no convenience fees were being charged. This conflicting information misled and deceived Plaintiff, and similarly misleads and deceives the least-

---

[1] https://web.calcollectors.net/Region-4/Continental-Central-Credit,-Inc-391

sophisticated consumer, as to the precise amount said to be owed on the debt, and whether Defendant's collection efforts are legitimate.

36. Defendant further violated §§ 1692e, e(2)(A), e(10) through its representation that Plaintiff would be charged a convenience fee. Such a fee is not authorized by any agreement between Plaintiff and the original creditor, nor is it authorized as a matter of law or otherwise. Therefore, Defendant's attempt to collect upon these fees without any further explanation of what that balance or rate represented, was a false and deceptive attempt to collect upon the subject debts.

37. Defendant was not entitled to collect the convenience fee from Plaintiff in connection with the subject debt, ultimately attempting to induce a greater payment from Plaintiff than it is otherwise entitled to collect.

38. Given Defendant's blanket convenience fee percentages and rates, it is clear that any payment submitted would go directly to Defendant, and thus, the convenience fee was not a pass-through fee, but rather a convenience fee imposed by Defendant in an effort to collect an amount above and beyond what was expressly authorized by the underlying agreement between Plaintiff and the original creditor.

      **b.**     **Violations of FDCPA § 1692f**

39. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

40. Moreover, under §1692f(1), a debt collector is prohibited from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debts or permitted by law."

41. Defendant violated §§ 1692f and f(1) when it attempted to collect the convenience fee, despite the fact that said fee was not expressly authorized by the agreement creating the subject debts, nor authorized by law.

WHEREFORE, Plaintiff, MARSHA L. RIEKEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

DATED this 20th day of November, 2020.          Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 /s/ Taxiarchis Hatzidimitriadis
　　　　　　　　　　　　　　　　　　　　　　　　　　Taxiarchis Hatzidimitriadis #6319225
　　　　　　　　　　　　　　　　　　　　　　　　　　David S. Klain #0066305
　　　　　　　　　　　　　　　　　　　　　　　　　　CONSUMER LAW PARTNERS, LLC
　　　　　　　　　　　　　　　　　　　　　　　　　　333 N. Michigan Ave., Suite 1300
　　　　　　　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60601
　　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-1000 (phone)
　　　　　　　　　　　　　　　　　　　　　　　　　　(267) 422-2000 (fax)
　　　　　　　　　　　　　　　　　　　　　　　　　　teddy@consumerlawpartners.com

　　　　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff, Marsha L. Rieken*